# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HEIDI BOWERMAN,

Plaintiff,

v.

FAY SERVICING, LLC,

Defendant.

Case No. 1:26-cv-06906-JLT-EGC

**ORDER DENYING REQUEST FOR PERMISSION TO FILE ELECTRONICALLY; DISCHARGING ORDER TO SHOW CAUSE; AND SETTING SCHEDULE FOR ADMINISTRATIVE MOTION**

(Doc. 11)

The Court is in receipt of Plaintiff's Response to Order to Show Cause, (the "Response") filed on October 5, 2026. (Doc. 11). In view of Plaintiff's response to the Order to Show Cause ("OSC") (Doc. 10), the OSC, (Doc. 10), is **hereby DISCHARGED**.

The Court also construes Plaintiff's Response as a request for an extension of time to file an Opposition to the Motion to Dismiss as a motion for administrative relief under E.D. Cal. Local Rule 233. Any opposition or supporting statement relating to the motion to extend time shall be filed in accordance with E.D. Cal. Local Rule 233(b) by no later than **October 11, 2026**. The motion to extend time will be submitted on that date, for immediate action by the Court without hearing. *See id.* 233(c).

The Court has further reviewed Plaintiff's Response in which she requests permission to file electronically. (Doc. 11 at 3). Local Rule 133(b)(2) provides that "[a]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." Instead, "[a]ll parties shall file and serve paper documents as required by

applicable Federal Rules of Civil . . . Procedure or by these [Local] Rules." E.D. Cal. Local Rule 133(b)(2). Nonetheless, a pro se party may "[r]equest to use paper or electronic filing as exceptions from these Rules" if (1) they submit a stipulation between the parties "as provided in [Local Rule] 143;" or (2) "if a stipulation cannot be had," by a "written motion[] setting out an explanation of reasons for the exception." E.D. Cal. Local Rule 133(b)(3).

Here, Plaintiff has filed a motion setting forth an explanation of the reasons for the requested exception, specifically that she faces unexpected expenses in accessing the online docket and would like paper copies through regular mail as well. (Doc. 11.) However, Plaintiff has not demonstrated how she is unable to comply with the conventional filing requirement as defined in Local Rule 101, which provides that

> "Conventional Filing" is the filing of a document with the Clerk of Court in paper format. Documents filed conventionally may be filed via mail or in person. Parties that require a conventionally-filed document to be conformed and returned must submit one additional legible conformed copy, and if mailed, a postage paid return envelope. If a postage paid envelope is not received, documents cannot be returned.

E.D. Cal. Local Rule 101. Because Plaintiff has not established that she would be unable to submit filings via mail, the Court finds that it would be inappropriate at this time to deviate from the Local Rule that "[a]ny person appearing pro se may not utilize electronic filing." E.D. Cal. Local Rule 133(b)(2).

Accordingly, the Court **DENIES** the request to file electronically (Doc. 10), subject to renewal upon a showing of sufficient reason to justify deviating from Local Rule 133(b)(2).

IT IS SO ORDERED.

Dated: **October 7, 2026**

Erin Sky Castillo

UNITED STATES MAGISTRATE JUDGE